UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS NOTTAGE BOYD | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § C.A. NO. H-9-cv-00280 |
| | § |
| CODY CLEMENS, | § |
| | § |
| Defendant. | § |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Remand. (Doc. No. 8.) After considering the parties' filings and the applicable law, the Court finds that the Motion should be denied.

**I.   BACKGROUND**

This civil rights case arises from a citation Defendant Cody Clemens issued to Plaintiff on October 18, 2008. Defendant is a member of the Texas A&M University Police Department, and he cited Plaintiff after detaining him on a charge related to an offensive gesture. (Pl. Compl. ¶ 6.) Plaintiff alleges that Clemens had inadequate training and experience to perform his duties as an officer in the Texas A&M University Police Department. (*Id.* at ¶ 8.) As a result of the allegedly baseless charges against him, Plaintiff claims to have suffered humiliation, embarrassment, and anguish and seeks relief under 42 U.S.C. § 1983, as well as state law prohibiting malicious prosecution and infliction of emotional distress (Pl. Compl. ¶ 9; Pl. Mot. To Remand ¶ 2.) Defendant timely removed the case, and Plaintiff now seeks remand.

**II.   ANALYSIS**

1

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Futhermore, any civil action of which the district court has original jurisidction founded on a claim arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b).

Defendant has removed the instant case because Plaintiff alleges federal claims arising under 42 U.S.C. § 1983. Plaintiff does not deny that his Complaint contains these federal claims. Rather, he argues that, because the state and federal courts have concurrent jurisdiction over § 1983 claims, and because his claims are not "purely federal questions," the Court should respect his jurisdictional choice by remanding the case to state court. This argument is untenable. It is true that the court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). This canon, however, does not deprive Defendant of his right under § 1441(b), to a federal forum based on "a plain language reading of the statute's terms." *See id.* at 211-212. "Although the district court had discretion to remand state law claims that were removed along with one or more federal question claims, it may not remand the component claims that are conclusively deemed to have arisen under federal law, absent a defect in the removal procedure or circumstances rendering the retention of jurisdiction 'inappropriate.'" *Poche v. Tex. Air Corp.*, 549 F.3d 999, 1005 (5th Cir. 2008) (quoting *Laurents v. Arcardian Corp.*, 69 F.3d 535, * 2 (5th Cir. 1995) (not designated for publication)).

### III.   CONCLUSION

Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**

### III. CONCLUSION

Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th day of April, 2009.

KEITH R. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.