UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS NOTTAGE BOYD, | § § § |
| Plaintiff, | § § |
| v. | §  C.A. NO. H-9-cv-00280 |
| CODY CLEMENS, | § § § |
| Defendant. | § § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss. (Doc. No. 2.) After considering the parties' filings and the applicable law, the Court finds that the Motion should be denied.

### I. BACKGROUND

This civil rights case arises from a citation Defendant Cody Clemens issued to Plaintiff on October 18, 2008. Defendant is a member of the Texas A&M University Police Department, and he cited Plaintiff after detaining him on a charge related to an offensive gesture. (Pl. Compl. ¶ 6.) Plaintiff alleges that Clemens had inadequate training and experience to perform his duties as an officer in the Texas A&M University Police Department. (*Id.* at ¶ 8.) As a result of the allegedly baseless charges against him, Plaintiff claims to have suffered humiliation, embarrassment, and anguish and seeks relief under 42 U.S.C. § 1983, as well as state law prohibiting malicious prosecution and infliction of emotional distress. (Pl. Compl. ¶ 9; Pl. Mot. To Remand ¶ 2.) Defendant timely removed the case, and the Court denied Plaintiff's Motion to Remand. Defendant now moves to dismiss Plaintiff's malicious prosecution and intentional infliction of emotional distress claims. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. ANALYSIS

### A. Standard for Rule 12(b)(6)

When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)).

### B. Malicious Prosecution

Defendant argues that Plaintiff has failed properly to plead the elements of a malicious prosecution claim under state law. Defendant further argues that Plaintiff's case is still pending before the Justice of the Peace Court in Brazoria County, Texas but presents no evidence to support this assertion. Plaintiff does not directly controvert Defendant's arguments in his response.

To prove a malicious prosecution claim under Texas law, a plaintiff must show that (1) a criminal prosecution was commenced against the plaintiff; (2) the prosecution was initiated or procured by the defendant; (3) the prosecution terminated in favor of the plaintiff; (4) the plaintiff was innocent; (5) the defendant was without probable cause to instigate the prosecution; (6) the defendant acted with malice in bringing about the prosecution; and (7) the plaintiff suffered damages as a result of the prosecution. *Shields v. Twiss*, 389 F.3d 142, 152 (5th Cir. 2004) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997)).[1] Plaintiff's

---

[1] The Fifth Circuit has that there is no freestanding constitutional right to be free from malicious prosecution; however, it did not foreclose the possibility that a plaintiff could bring a separate state court claim for malicious

2

Complaint avers only that he was "falsely cited and is being maliciously prosecuted and defamed by Officer Clemens." (Pl. Compl. ¶ 11.) Plaintiff's Complaint does not claim that that the prosecution has terminated in his favor and that he is innocent, which are necessary factual allegations to support malicious prosecution claim. The Court will therefore allow Plaintiff to amend his Complaint to state these elements. The Court will wait until summary judgment to resolve Defendant's argument that the prosecution against Plaintiff has not yet ended.

### C. Intentional Infliction of Emotional Distress

Defendant next argues that Plaintiff has failed to state a claim for intentional infliction of emotional distress. Under Texas law, to state a claim for emotional distress, Plaintiff must demonstrate that the defendant acted intentionally or recklessly, that the conduct was extreme and outrageous, and that the conduct caused him severe emotional distress. *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 1136 (5th Cir. 2004) (citing *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002)). "Texas courts have warned that the conduct must have been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Brennan*, 388 F.3d at 136 (internal quotations omitted).

Defendant argues that his behavior during his fifteen minute detention of Plaintiff was not "so outrageous in character" as to support a claim for intentional infliction of emotional distress. Defendant argues that "[a]t most, Plaintiff was embarrassed in front of a few of his friends." (Def. Mot. at 5.) The nature of Defendant's conduct, and the extent of Plaintiff's emotional distress, are fact issues for summary judgment, and the Court cannot resolve them under the 12(b)(6) standard.

---

prosecution in conjunction with a § 1983 suit based on other constitutional violations. *See Castellano v. Fragozo*, 352 F.3d 939, 960 (5th Cir. 2003). The Court, like Defendants, will evaluate the merits of Plaintiff's malicious prosecution claim under Texas law.

3

Defendant also argues that Plaintiff's false arrest claim covers the exact same behavior as his intentional infliction of emotional distress claim. Since the tort of intentional infliction of emotional distress is intended to provide relief only when no other remedy exists, Defendant argues that the Court should dismiss the claim. It is true that there is no liability for intentional infliction of emotional distress if the tortfeasor "intends to invade some other legally protected interest even if emotional distress results." *Standard Fruit and Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 67 (Tex. 1998) (citation omitted). "On the other hand, if conduct is intended or primarily likely to produce severe emotional distress, [intentional infliction of emotional distress] is an applicable theory of recovery even if the actor's conduct also produces some other harm, such as physical injury." *Id.* The Court cannot, at this stage, evaluate whether Defendant intended to cause emotional distress so that he is separately liable for that tort as well as false arrest. The Court will revisit this issue on summary judgment after the parties have had the opportunity to further develop the facts of the case.

### III.   CONCLUSION

Defendant's Motion to Dismiss is **DENIED**. The Court will allow Plaintiff thirty days to amend his Complaint to properly state a malicious prosecution claim.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 2nd day of June, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY

**AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**